In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-2214

DONALD THORPE,

*Plaintiff-Appellant,*

*v.*

FRANK BISIGNANO,[1]

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:22-cv-00013 — **Jon E. DeGuilio**, *Judge.*

ARGUED APRIL 9, 2025 — DECIDED JULY 31, 2025

Before EASTERBROOK, JACKSON-AKIWUMI, and PRYOR, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. Donald Thorpe sought disability benefits, alleging that his health issues rendered him unable to work. The Administrative Law Judge (ALJ)

---

[1] Frank Bisignano replaced Leland Dudek as Commissioner of the Social Security Administration and is substituted as the respondent. *See* FED. R. APP. P. 43(c)(2).

who heard the case denied Thorpe benefits, relying in part on the testimony of a vocational expert. Thorpe appealed to the district court, which affirmed the ALJ's decision because Thorpe forfeited any challenge to the expert testimony by failing to timely object to its usage and because the decision was supported by substantial evidence.

On appeal before this court, Thorpe argues that the ALJ's decision was not supported by substantial evidence because the expert's testimony was inadequate. We disagree. The ALJ reasonably relied on the expert's testimony, which was marked by indicia of reliability. And regardless, claimants have an obligation to object to an expert's testimony during the hearing, otherwise that objection is forfeited. *Leisgang v. Kijakazi*, 72 F.4th 216, 219–20 (7th Cir. 2023). We therefore affirm.

**I**

For thirty-four years, Thorpe worked for his father's trucking company as a dispatcher until his father sold the company. He was fired from his position soon after the sale in February 2019. Thorpe alleges that he was let go because he had trouble understanding the updated technology introduced after the sale. In December 2019, Thorpe filed an application for Title II Disability Insurance Benefits under Sections 216(i) and 223(d) of the Social Security Act, stating that he had been disabled and unable to work since June 2019.

Thorpe reported that a variety of medical issues, prior injuries, and psychological impairments rendered him disabled. He presented evidence that he suffered from mild neurocognitive disorder, depressive disorder, sensorineural hearing loss, sleep apnea, and prostate issues. As for prior injuries,

Thorpe submitted evidence of head trauma from sports-re-
lated injuries, a car accident, and a week-long coma that fol-
lowed the accident. Alongside these physical injuries, he re-
counted a history of psychological impairments dating back
two decades—chiefly his diagnoses of anxiety and, as noted
above, depressive disorder with an array of chronic, severe
symptoms.

During the May 2021 hearing in which the ALJ reviewed
Thorpe's disability claim, Thorpe testified about his job as a
dispatcher and how his disabilities affected his ability to do
the job. Vocational expert Pamela Nelligan then testified that
Thorpe was unable to perform his past work as a dispatcher
but could nonetheless perform approximately 145,000 other
jobs listed in the Dictionary of Occupational Titles (DOT).
Such jobs included laundry worker (approximately 35,000
jobs), lamination assembly worker (approximately 20,000
jobs), and cleaner (approximately 90,000 jobs). Both parties
stipulated to Nelligan's resume and qualifications to testify as
a vocational expert. And the ALJ certified that Nelligan's tes-
timony was consistent with the DOT.

On cross-examination, Thorpe's attorney only asked Nel-
ligan two questions. Neither question related to Nelligan's
methodology. Thorpe's attorney certainly attempted to un-
dermine portions of Nelligan's testimony with his two ques-
tions. But he did not object to the sources or content of the
testimony, and he did not seek elaboration on how she deter-
mined the number of available jobs.

Based on the totality of the evidence, considering Thorpe's
education, age, work experience, residual functional capacity,
and the expert testimony about the number of jobs available
in the national economy, the ALJ determined that Thorpe was

not disabled despite suffering from severe impairments. The ALJ concluded at Step Five of the benefits inquiry that Thorpe was able to find other gainful employment.[2]

After the Appeals Council of the Social Security Administration denied review of the hearing decision, Thorpe appealed the ALJ's decision to federal court pursuant to 42 U.S.C. § 405(g). He alleged that the ALJ's decision was not supported by substantial evidence and contained errors of law. The district court affirmed the decision, citing our precedent that a claimant who fails to object to vocational expert testimony during a hearing forfeits any later challenge to such testimony. *Thorpe v. Kijakazi*, No. 2:22-CV-013-JD-JEM, 2023 WL 2300514, at *3 (N.D. Ind. Feb. 28, 2023). Furthermore, the district court found that the ALJ's determination was based on substantial evidence. *Id.* at *7. Thorpe then filed a motion to alter the district court's judgment pursuant to the Federal Rule of Civil Procedure 59(e). The district court denied this motion in May 2024. In doing so, the court explained that it had not misapplied governing precedent and reiterated that

---

[2] Title II of the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). Under the authority of the Social Security Act, the Social Security Commission uses a five-step inquiry to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a). Thorpe's appeal challenges only the ALJ's determination at the fifth and final step. That step, referred to as "Step Five," requires the ALJ to determine whether the claimant can do any other work. 20 C.F.R. § 404.1520(a)(4)(v). Several factors are relevant to this determination, including the claimant's residual functional capacity, age, education, and work experience.

Thorpe forfeited his ability to challenge the expert's testimony when he did not object at the hearing. This appeal followed.

**II**

"We review de novo the district court's affirmance of the ALJ's decision and review directly the decision of the ALJ." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)). We apply a "very deferential standard of review" to the ALJ's determination. *Id.* (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). When evaluating the ALJ decision, it is not a reviewing court's duty to reweigh evidence, resolve debatable conflicts, determine credibility of evidence, or substitute our judgment for the ALJ's determination. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). "We will reverse an ALJ's decision only if it is the result of an error of law or it is not supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jarnutowski*, 48 F.4th at 773 (citation modified).

Thorpe challenges the ALJ's determination that he is not "disabled" under the Social Security Act. He argues, as he did in the district court, that the ALJ's finding at Step Five was unsupported by substantial evidence because the vocational expert's testimony was unreliable. Specifically, he argues that the expert's testimony contained no specific source of jobs and used no reliable method to arrive at her job estimate.

We first address whether Thorpe has forfeited these arguments by failing to raise them in the first instance before the ALJ. We then assess whether the ALJ's determination was supported by substantial evidence.

**A. Forfeiture**

In *Fetting v. Kijakazi*, 62 F.4th 332, 337–38 (7th Cir. 2023), we found that a claimant forfeited an appellate challenge to a vocational expert's testimony even where the claimant's attorney questioned the expert about the expert's methodology. During the agency hearing, the claimant in *Fetting* asked the expert for the source of the job data that supported the expert's testimony. *Id.* at 335. The expert responded that he calculated his estimates using data published by the U.S. Bureau of Labor Statistics. *Id.* The expert further explained that he "group[ed]" related occupations and "determined the relative frequency of each occupation within the group using his 'knowledge of the labor market, [acquired] over 30+ years of job placement activities.'" *Id.* at 336. Besides these issues, the claimant's attorney did not "otherwise object or indicate that he believed the methodology was unreliable." *Id.* at 338. Nor did the claimant's attorney make any objections in a post-hearing brief. *Id.* Based on this, we found that the claimant had forfeited the objection on appeal despite otherwise questioning the expert at the agency hearing. *Id.* at 340.

Here, the parties agree that Thorpe did not raise any objections to Nelligan's testimony at the hearing or in a post-hearing brief. Thus, as in *Fetting*, Thorpe forfeited his ability to challenge the testimony and cannot prevail on this issue on appeal.

Despite this precedent, Thorpe maintains that he was not obligated to object at the hearing to preserve his challenge to vocational expert testimony. Specifically, Thorpe asserts that he was not obligated to challenge the expert testimony because the record did not contain sufficient evidence from which an ALJ could make a reasonable assessment of the

relevant factors. Said another way, Thorpe believes that the lack of record evidence supporting the expert's testimony permitted him to make general, rather than specific, objections to the methodology. In support of that position, Thorpe cites *Ruenger v. Kijakazi*, 23 F.4th 760, 764 (7th Cir. 2022), where we held that ALJs must independently determine whether an expert's methodology is reliable when a claimant challenges the expert's testimony. Additionally, Thorpe claims that the ALJ deferred to the agency's expert solely on the ground that their testimony was unchallenged at the hearing. Citing our decision in *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018), Thorpe argues this deferral resulted in the ALJ improperly shifting the burden onto Thorpe and abdicating the agency's obligation to support its decision with substantial evidence.

Our court recently rejected this argument in *Schmitz v. Colvin*, 124 F.4th 1029 (7th Cir. 2024). The claimant in *Schmitz* argued that the vocational expert's testimony was "defective" because it did not present supporting evidence for the number of jobs that the claimant could perform. *Id.* at 1032–33. We held that the *Schmitz* claimant had forfeited the challenge because the objection was first made before the district court rather than the agency. *Id.* at 1033. Applying that rationale here, we conclude that by not making a timely objection to the ALJ about Nelligan's analysis, Thorpe forfeited his objection.

For these reasons, Thorpe was required to object to the expert testimony at the hearing to preserve his right to challenge the methodology at a later proceeding.

### B. Substantial Evidence

Although Thorpe forfeited his argument about Nelligan's testimony, we evaluate the merits of the argument for the sake

of completeness. On this front, the parties dispute whether the ALJ's Step Five finding is supported by substantial evidence. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of N.Y., Inc. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)). The threshold for substantial evidence is "not high." *Id.* An agency's estimation of job numbers must provide a "modicum of confidence in its reliability." *Chavez,* 895 F.3d at 969. As a reviewing court, we must affirm the ALJ's decision if it is adequately supported, regardless of whether "reasonable minds could differ." *Elder,* 529 F.3d at 413 (quoting *Schmidt v. Astrue,* 496 F.3d 833, 842 (7th Cir. 2007)).

Thorpe critiques Nelligan's reliance on the DOT, claiming that the DOT is "outdated" and has been met with skepticism by our court. He accurately cites language criticizing the "source and validity of the statistics that vocational experts trot out in social security disability hearings." *Alaura v. Colvin,* 797 F.3d 503, 507 (7th Cir. 2015). But that was non-binding language that did not go to the ultimate holding in that case.

Moreover, since *Alaura,* the Supreme Court has held that a vocational expert's testimony will survive federal court review so long as there are "sufficient indicia of reliability" to support the expert testimony. *Biestek,* 587 U.S. at 107. In this case, the district court found three indicia of reliability supporting Nelligan's testimony. First, both parties stipulated to Nelligan's qualifications. Second, Nelligan's testimony was consistent with the DOT, which the ALJ confirmed by questioning Nelligan at the hearing. Finally, the district court observed, Nelligan testified that she drew on her experience and training to shape her testimony. In light of these three

considerations, and the fact that nothing in the record suggests the expert testimony was flawed, we conclude the ALJ did not err in relying on Nelligan's testimony to reach her Step Five determination.

### III

We concur with the district court that the vocational expert's testimony could have been more detailed and informative. At the same time, we also agree that the evidence presented gave the ALJ the requisite "modicum of confidence" in the expert's estimates. *Chavez*, 895 F.3d at 969. We therefore AFFIRM.